UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:10-CR-00458-WBS |
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTIONS FOR NEW TRIAL |
| v. | |
| KEVIN HAWKINS, | |
| Defendant. | |

----oo0oo----

After the court denied his motion to proceed without the assistance of counsel, defendant Kevin Hawkins was convicted of witness tampering in violation of 18 U.S.C. § 1512(b) on October 30, 2012. On August 5, 2013, defendant filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, arguing that the trial court erroneously denied his request to proceed pro se. (Def.'s Mot. for New Trial ("Aug. 5 Mot.") (Docket No. 219).) On August 14, 2013, defendant filed a separate motion for a new trial on the basis that the United States Attorney committed prosecutorial misconduct and withheld

materially exculpatory evidence.  (Def.'s Mot. for New Trial
("August 14 Mot.") (Docket No. 228).)[1]

I.   Defendant's August 5 Motion for a New Trial

Rule 33 provides, in relevant part, that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(2).  The time limit set forth by Rule 33 serves to minimize the "useless expenditure of judicial time and needless delay in the finality of criminal convictions."  Cf. United States v. Frame, 454 F.2d 1136, 1138 (9th Cir. 1972).  This time limit runs from the date of the verdict, rather than the entry of judgment, and applies even if there are remaining charges on which a verdict has not yet been rendered and on which a separate trial will be held. See United States v. Woods, 399 F.3d 11424, 1145-46 (9th Cir. 2005).

The Supreme Court has held that this time limit is "admittedly inflexible" and "assure[s] relief to a party properly raising them[.]"  Eberhart v. United States, 546 U.S. 12, 19 (2005).  Although the Court has clarified that these time limits

---

[1] Consistent with his argument that he should have been allowed to represent himself, defendant asserts that he was dissatisfied with the representation he received from his attorney.  See, e.g., Aug. 14 Mot. at 5:24-6:5.  To the extent that defendant attempts to raise an ineffective assistance of counsel claim in support of his motion for a new trial, the court finds that it is untimely because it was neither filed within fourteen days nor grounded in newly discovered evidence.  See United States v. Hanoum, 33 F.3d 1128, 1130-31 (9th Cir. 1994) (holding that evidence of ineffective assistance of counsel does not constitute newly discovered evidence).
    Additionally, even if it were timely, a motion for a new trial pursuant to Rule 33 is not an appropriate vehicle to raise an ineffective assistance of counsel claim.  See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (noting that a habeas corpus petition, rather than a motion for a new trial under Rule 33, is the "customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial.")

are "forfeitable when they are not properly invoked," it has also emphasized that "district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked." Id. at 17 (emphasis in original); see also United States v. Krboyan, No. 1:02-CR-5438 OWW, 2005 WL 3309588, at *2 (E.D. Cal. Dec. 7, 2005) ("[T]he motion for new trial filing requirement is inflexible, requiring that the time periods afforded be satisfied. A failure to do so forfeits the right to proceed under the Rule.") (citing Eberhart, 546 U.S. at 18-19).[2]

Here, "[a]s this claim is not based on newly-discovered evidence, it should have been raised within [fourteen] days of trial." United States v. Rutherford, 258 Fed. App'x 145, 146 (9th Cir. 2007).[3] Defendant did not move for a new trial until over nine months after he was convicted, and the United States timely invoked the time limitation of Rule 33 in its Opposition to the motion. (See U.S.'s Opp'n to Aug. 5. Mot. 1-3 (Docket No. 226).) Defendant's motion for a new trial is therefore untimely.

Rule 45 permits a court to extend the time limits set forth elsewhere in the Rules either on its own initiative or on a party's motion filed "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). A "determination of whether neglect is excusable is

---

[2] Although the Ninth Circuit has not yet applied Eberhart in the context of a motion for a new trial pursuant to Rule 33, it has applied Eberhart to the time limits set forth by Rule 4(b) and held that "Eberhart . . . do[es] not upset our long-standing precedent that the timely filing of a notice of appeal is mandatory, meaning we must enforce the rule when it is properly invoked." United States v. Sadler, 480 F.3d 932, 940 n.10 (9th Cir. 2007) (citations omitted) (emphasis added).
[3] Rutherford was decided prior to the 2009 Amendments to the Federal Rules of Criminal Procedure, which extended the time limit for filing a Rule 33 motion on grounds other than newly discovered evidence from seven to fourteen days. See Fed. R. Crim. P. 33 Advisory Committee Notes, 2009 Amendments.

3

an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

As the government concedes, granting defendant's motion for a new trial is unlikely to delay future proceedings or prejudice the United States. (U.S.'s Opp'n to Aug. 5 Mot. at 2:11-14.) Nor is there any evidence that defendant's failure to move timely for a new trial was a product of "deviousness or willfulness" or was otherwise committed in bad faith. See Bateman, 231 F.3d at 1225. However, the absence of any compelling reason for the delay militates strongly against finding that defendant's failure to timely move for a new trial was caused by excusable neglect. See id.

Although defendant requested to represent himself before trial, he did not renew this request or file a motion for a new trial after the jury announced its verdict. Moreover, after this court granted defendant's request to proceed pro se on February 25, 2013, (Docket No. 139), defendant filed several motions with the court, but delayed more than five more months before filing this motion for a new trial. (See Docket Nos. 146, 147, 157.) Defendant's claim that he failed to file this motion because he was waiting for "additional discovery materials," (see Def.'s Reply to U.S.'s Opp'n to Def.'s Aug. 5 Mot. at 14:18-19 (Docket No. 236)), beyond the transcript of his hearing on his

4

first request to proceed pro se is beyond belief.  Defendant has not identified what these other materials are, much less how they would bolster his claim for a new trial based on the court's failure to allow him to proceed pro se.

        Nor does the pendency of defendant's appeal before the Ninth Circuit excuse his untimely filing of this motion. "Rule 33 . . . clearly contemplates that all such motions must be filed within [fourteen days] even if there is a pending appeal (the rule only precludes the district court from ruling on the motion while the appeal is pending)." Rutherford, 258 Fed. App'x at 146 (emphasis in original).  Moreover, even assuming that defendant was excused from filing a motion for a new trial while the Ninth Circuit was deciding his appeal, defendant did not file his motion for a new trial until August 5, 2013, substantially more than fourteen days after the Ninth Circuit dismissed his appeal on July 9, 2013 for lack of jurisdiction.  (See Docket No. 210.)

        Finally, defendant's pleas for leniency because he "has no training in the law", (Def.'s Reply to U.S.'s Opp'n to Def.'s Aug. 5. Mot. at 15:1), are unpersuasive.  The court has offered defendant the services of competent court-appointed counsel at all stages.  Indeed, the court has done its best, consistent with its obligations under Faretta v. California, 422 U.S. 806 (1975), to point out to this defendant the perils of the self-representation he has insisted upon.  "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" Pioneer, 507 U.S. at 392. Because defendant "has not presented a persuasive justification for his misconstruction of nonambiguous rules . . . there is no

5

basis for deviating from the general rule that a mistake of law does not constitute excusable neglect." Kyle v. Campbell Soup Co., 28 F.3d 928, 931-32 (9th Cir. 1994).

Defendant has not shown that his failure to move timely for a new trial was due to excusable neglect. Accordingly, the court must deny defendant's August 5, 2013 motion for a new trial.

II. Defendant's August 14 Motion for a New Trial

Rule 33(b)(1) provides that a motion for a new trial "grounded in newly discovered evidence" must be filed within three years of a guilty verdict. Fed. R. Crim. P. 33(b)(1). Defendant's August 14 motion alleges that "highly exculpatory evidence was withheld from the defendant and his attorneys," (Aug. 14 Mot. at 3:23-24), and was not provided to him until August 2013. (Id. at 3:14-15, 4:23-24.) This motion, unlike his August 5 motion, is therefore timely under Rule 33.[4]

The Ninth Circuit has set forth a five-part test that a defendant must satisfy in order to prevail on a Rule 33 motion for a new trial based on newly discovered evidence:

> (1) [T]he evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal.

United States v. Harrington, 410 F.3d 598, 601 (9th Cir. 2005)

---
[4] Defendant also alleges in this motion that the United States Attorney engaged in multiple instances of prosecutorial misconduct. (See, e.g., Aug. 14 Mot. at 6:17-18.) Defendant's motion for a new trial based on these allegations is not grounded in newly discovered evidence and is therefore untimely for the same reasons that his August 5, 2013 motion is untimely.

6

(citing United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir. 1991)).  Evidence is not "newly discovered" if it "d[oes] not provide any new information that was not already considered and rejected . . . ."  United States v. Hinkson, 585 F.3d 1247, 1264 (9th Cir. 2009) (emphasis in original).

The evidence that defendant points to, including photos that he alleges were deleted from his hard drive and records of phone calls that he allegedly made to his daughter, "ACH", is not newly discovered.  On August 5, 2013, while attempting to access the photos that defendant claims were deleted from his hard drive and are now "newly discovered," defendant stated to Scott Medlin, an FBI Special Agent/Forensic Examiner, that he was unable to locate these photos, "which he had seen during his previous review of computer evidence (over one year previous)", on a defense-provided laptop.  (U.S.'s Opp'n to Aug. 14 Mot., Ex. 1 at 1 (Docket No. 235) (emphasis added).)  Medlin then "searched the same verified images using forensic tools and extracted the entire photo series which HAWKINS requested."  (Id.)  The government has provided a report listing each of the 52 images that Medlin was able to extract from the hard drive.  (Id. at 2-3.)

In addition, on July 8, 2011, the United States provided defendant's then-attorney, Johnny L. Griffin, III, with a computer disk containing all phone calls placed by defendant from jail between April 11, 2011 and June 16, 2011, including the allegedly exculpatory phone calls placed on May 21, 2011, as well as access to all images that were found on the defendant's computer.  (U.S.'s Opp'n to Aug. 14 Mot., Ex. 2 at 1.)  The

government also "welcome[d] [Griffin] to view any additional documents and evidence maintained by the FBI and Sacramento Police Department." (Id.)  In short, defendant's claim that this evidence is "newly discovered" is meritless because defendant had access to this evidence before trial.

The photos and phone call records defendant relies on also do not indicate that a new trial would likely result in an acquittal.  See Harrington, 410 F.3d at 601.  Because defendant was convicted of witness tampering, rather than a child pornography charge, the photos "ha[ve] no bearing on h[is] ultimate guilt or innocence" with respect to that charge.  United States v. Gray, 290 Fed. App'x 23, 24 (9th Cir. 2008).  Likewise, although defendant argues that the audio recordings offered by the United States at trial are actually exculpatory because they "convey[] his true intentions to ACH not to destroy the computer but to bring it to his [a]ttorney Johnny Griffin to be used in his defense," (Def.'s Reply to U.S.'s Opp'n to Def.'s Aug. 14 Mot. at 1 (Docket No. 244)), this "[e]vidence will not be deemed 'newly discovered' simply because it appears in a different light under a new theory."  United States v. Hamling, 525 F.2d 758, 759 (9th Cir. 1975).  "Having been found guilty, the [d]efendant is not entitled to change his theory of the defense and then proceed to a second trial."  United States v. Flores-Acuna, No. 10-cr-2920 WQH, 2011 WL 3568378, at *2 (S.D. Cal. Aug. 15, 2011.)

Moreover, defendant has not explained how the statements made in these recordings are likely to result in an acquittal.  In particular, defendant concedes that he "used words such as 'destroy' and 'get rid of'" during the course of the

8

phone call that was played to the jury and in which he admittedly asked his daughter to take possession of a Compaq laptop. (See Def.'s Reply to U.S.'s Opp'n to Def.'s Aug. 14 Mot. at 1.) In sum, the evidence defendant relies upon to substantiate his request for a new trial is neither newly discovered nor likely to result in an acquittal. Accordingly, the court must deny his August 14, 2013 motion for a new trial.

IT IS THEREFORE ORDERED that defendant's motions for a new trial be, and the same hereby are, DENIED.

Dated: September 13, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE