UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

KEVIN HAWKINS,

        Defendant.

No.  2:10-CR-00458 JAM

**ORDER DENYING DEFENDANT'S MOTION
TO DISMISS FOR DOUBLE JEOPARDY**

     Defendant's trial on the charges in the Second Superseding
Indictment resulted in a mistrial on Counts One through Five and
a verdict of guilty on Count Six (<u>See</u> Verdict, Docket No. 126.)[1]
Defendant has now filed a Motion to Dismiss the remaining counts
of the Second Superseding Indictment on the grounds of Double
Jeopardy.  (Docket Nos. 233, 242, 243.)  The Motion is opposed by
the United States.  (Docket No. 237.)  Defendant filed two reply
briefs in support of his Motion.  (Docket Nos. 256, 264.)

     The gist of defendant's motion is that the United States

---

[1] Counts Four and Five of the eight count indictment were
dismissed before trial, and the remaining counts were renumbered
as Counts One through Six.  (Docket No. 105.)

1

Attorney engaged in certain conduct during that trial which defendant argues was calculated to "goad" the defendant into moving for a mistrial or to prevent an acquittal which the prosecutor believed was likely to occur in the absence of his alleged misconduct. See Oregon v. Kennedy, 456 U.S. 667 (1982); United States v. Lewis, 368 F.3d 1102, 1108 (9th Cir. 2004).

The major flaw in defendant's argument is that the mistrial did not result from any of the conduct about which he complains. Rather, the mistrial on the remaining counts resulted because the jury was unable to reach a unanimous verdict on those counts. It is clearly established that "when a judge discharges a jury on the grounds that the jury cannot reach a verdict, the Double Jeopardy Clause does not bar a new trial for the defendant before a new jury." Renico v. Lett, 559 U.S. 766, 773 (2010).

Here, the court declared a mistrial on the remaining counts, with no objection from defendant, after the jury had deliberated two days and announced that it was hopelessly deadlocked and that further deliberations would be fruitless. The court properly exercised its discretion in doing so. See Arizona v. Washington, 434 U.S. 497, 509 (1978) (stating that the reasons for allowing the trial judge broad discretion in declaring a mistrial are "especially compelling" in cases involving a potentially deadlocked jury).

Furthermore, the court cannot conclude that the conduct about which defendant complains was designed to cause a mistrial. First and foremost, defendant alludes to the questioning of an FBI Agent which elicited the response that defendant said he didn't want to incriminate himself. The prosecutor acknowledged

that it is improper to ask a question designed to elicit the fact that the defendant asserted his Fifth Amendment privilege against self-incrimination, but represented that he expected the witness to give a different answer. The declaration of Todd Pickels and the exhibits attached thereto submitted in support of the government's opposition to this Motion support this representation.

Second, defendant complains of the "cooperation agreement" between the government and co-defendant Paul Moore. Specifically, after the close of the government's case-in-chief the United States Attorney informed the court that it had rescinded that portion of the agreement which provided that the government would not have an obligation to move for a reduction of Moore's sentence unless he provided substantial assistance resulting in the successful prosecution of another defendant. The United States Attorney offered to make Moore available for further cross-examination after making that disclosure, but defendant declined that offer.

Third, defendant makes various references to evidence offered by the government which he contends was irrelevant or prejudicial. Regardless, of whether any of the assailed conduct amounted to error, it would be a giant leap to conclude it was deliberately calculated to cause a mistrial. If the United States Attorney was guilty of overreaching, at best, it was because he thought he could get away with it. There is nothing in the record from which the court could draw the inference that the prosecutor wanted a mistrial. To the contrary, the prosecutor resisted a mistrial at every stage it was suggested

1    and agreed to striking the testimony of the FBI agent rather than

2    imposing a mistrial.

3        In his reply briefs, defendant raises several other new

4    arguments to support his motion to dismiss, including the

5    deprivation of his right to self-representation and his right to

6    present a defense.  The court has dealt with defendant's self-

7    representation argument in its Order denying his motion for a new

8    trial on Count Six.  (Docket No. 246.)

9        Finally, defendant's request for an evidentiary hearing is

10   also denied for the reasons stated by the court at the November

11   19, 2013 status conference.  Those reasons include the fact that

12   defendant is unable to suggest what necessary testimony could be

13   adduced at such a hearing.  There are no factual disputes

14   requiring a hearing and the record before the court is more than

15   adequate to enable the court to decide this motion.  In short,

16   the court discerns no useful purpose in conducting an evidentiary

17   hearing.

18       IT IS THEREFORE ORDERED that defendant's Motion to Dismiss

19   for Double Jeopardy be, and the same hereby is, DENIED.

20   Dated: November 20, 2013

21

22                                    JOHN A. MENDEZ,
23                                    UNITED STATES DISTRICT JUDGE

24

25

26

27

28

                                     4